[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 7, 1973 in Derby, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of this marriage. CT Page 1349
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for 26 years. Their two children have reached majority. The defendant is 48 years of age and in reasonably good health. She has run a small neighborhood beauty salon since 1983. She works a few days per week. There was no appraisal as to the value of this business. Neither the defendant nor the two part-time operators were able to verify the income generated in this business. The 1996 joint federal tax return indicated a gross income of $11,609.
The plaintiff husband is 49 years of age and in reasonably good health. He has worked close to 20 years with SNET and presently earns approximately $54,600 gross per year.
The parties own their home with an equity of approximately $89,000. The husband has a SNET Savings Plan of approximately $100,000; a pension of approximately $92,000; and a lot in Florida valued at between $3,500 and $5,000. There are substantial credit card debts.
Since the summer of 1996, the plaintiff has been keeping company with another woman which has led to the breakdown of the marital relationship. Although the plaintiff husband initiated the dissolution action, he has not vacated the marital home.
In July 1996 both parties asked their friends, the Butlers, to cosign college loans with their two sons, totaling close to $30,000. There is some claim that the face amounts of the loans was altered and the plaintiff testified he signed Mr. Butler's name on the check. Both loans are in default as the plaintiff husband has stopped paying on these loans.
During the course of this marriage, the wife took on the traditional role of homemaker and was the primary caretaker of the children. The husband worked outside the home and took care of all the finances. CT Page 1350
No useful purpose would be served by a review of all the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. It would appear that the greater fault for the breakdown of the marriage must be attributed to the plaintiff.
The following orders shall enter:
REAL ESTATE
1. The plaintiff shall forthwith quitclaim and transfer to the defendant all his right, title and interest into the real estate located at 104 Davis Road, Seymour, Conn. The defendant shall be responsible for the mortgage home equity loan and shall hold the plaintiff harmless therefrom.
2. The defendant shall vacate the premises within two weeks of date.
3. The plaintiff shall be responsible for the February monthly mortgage payment, including the home equity line payment.
4. All utility bills shall be up to date and current as of the date the plaintiff vacates the home.
5. All pendente lite orders shall be made current forthwith.
FLORIDA PROPERTY
The lot located in Citrus Springs, Florida shall be sold forthwith and the net proceeds equally divided between the parties.
ALIMONY
Commencing February 20, 1998 and weekly thereafter, the plaintiff shall pay to the defendant as periodic alimony the sum of $200 per week until the death of the plaintiff, death of the defendant, her remarriage or cohabitation as defined by statute.
SNET SAVINGS PLAN
The plaintiff shall transfer and assign to the defendant one-half of his SNET savings plan valued as of September 30, 1996. Said transfer to be accomplished by means of a QDRO. The court shall retain jurisdiction over any disputes arising as to this CT Page 1351 transfer. It is the court's intention that the defendant receive one-half of this savings at little or no tax consequences to the defendant as well as to the plaintiff.
PENSION PLAN
The plaintiff shall be entitled to the benefits of his pension plan and the defendant shall have no claim thereto.
PERSONAL PROPERTY
1. The defendant shall be entitled to the furniture and furnishings contained in the marital home.
2. The defendant shall be entitled to her 1993 Mitsubishi Diamonte motor vehicle.
3. The defendant shall be entitled to her beauty salon business known as Hair Creations.
4. The plaintiff shall be entitled to his personal belongings and possessions.
5. The plaintiff shall be entitled to the motor vehicles as are registered in his name.
DEBTS
1. The plaintiff shall be responsible for the Bank One Visa, also called Choice Gold; the Southern New England Visa Credit Card; and any other debts in his name.
2. The defendant shall be responsible for the Choice Visa Credit card debt.
3. The plaintiff shall pay the past due car taxes in the amount of $549.20 within 30 days of date.
4. The plaintiff shall reimburse the defendant the sum of $451 — representing the motor vehicle insurance he failed to pay as ordered in the pendente lite agreement, within 30 days of date.
LIFE INSURANCE
The plaintiff shall continue to maintain his existing life CT Page 1352 insurance policy in the amount of $200,000 with the defendant named as the irrevocable beneficiary thereon for so long as he has an obligation for alimony. This provision shall be modifiable.
HEALTH INSURANCE
1. The plaintiff shall pay for the cost of the defendant's COBRA health insurance as available through the plaintiff's employment for a period of one year. Any unreimbursed medical expenses shall be the defendant's responsibility.
2. The defendant shall be entitled to obtain an additional two years COBRA coverage, as available, at her expense.
COUNSEL FEES
The plaintiff shall pay to the defendant by way of counsel fees the sum of $1500 within 30 days of date.
Coppeto, J.